UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON MEADOR,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2378** |
| **STARR INDEMNITY & LIABILITY INSURANCE COMPANY,**<br>    Defendant | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Starr Indemnity & Liability Insurance Company's ("Starr Indemnity") Motion for Partial Summary Judgment on Plaintiff's Bad Faith Claim.[1] For the reasons that follow, the motion is **GRANTED.**

## BACKGROUND

Plaintiff Jason Meador alleges that on or about June 25, 2018, Plaintiff was operating a truck owned by his employer, Gunite Express, LP ("Gunite"), when "suddenly and without warning" an unknown driver pulled in front of him, "causing the vehicle driven by [Plaintiff] to flip and eject [Plaintiff] from the driver's seat."[2] As a result of the accident, Plaintiff suffered various bodily injuries.[3] Plaintiff alleges Starr Indemnity issued an insurance policy to Gunite providing uninsured/underinsured motorist coverage, which was in full force and effect at the time of the alleged incident.[4] Plaintiff seeks to recover damages from Starr for the injuries he allegedly suffered as a result of the unknown driver's negligence and penalties for Starr Indemnity's bad faith failure to pay the claimed damages.[5] On February 20, 2020, Starr Indemnity filed the instant Motion

---

[1] R. Doc. 71. Plaintiff opposes the motion. R. Doc. 92.
[2] R. Doc. 1-1 at ¶¶ 4, 8.
[3] *Id.* at ¶ 4.
[4] *Id.* at ¶ 7.
[5] *Id.* at ¶¶ 9-10.

1

for Partial Summary Judgment on Plaintiff's Bad Faith Claim, seeking summary judgment that it is not liable for penalties.[6]

## I. Facts.

The following facts are not in dispute. Plaintiff Jason Meador was operating a 2016 cement truck owned by his employer, Gunite.[7] Plaintiff had a cell phone conversation four to five minutes before the accident.[8] A phantom vehicle pulled onto the interstate in front of Plaintiff's vehicle,[9] although the exact location this occurred is undetermined. Plaintiff swerved to the right.[10] Plaintiff attempted a counter-steer back towards the interstate.[11] The fully loaded cement truck did not make physical contact with any other vehicle at the time of the accident.[12] The posted speed limit was 60 miles per hour and Plaintiff was exceeding the limit at the time of the accident.[13]

It also is undisputed that Starr Indemnity made four unconditional tenders amounting to $179,162.06[14] within 30 days of Plaintiff's demands:

- on November 21, 2019, $46,449.42;[15]
- on December 20, 2019, $14,940.04;[16]
- on May 27, 2020, $28,125.20;[17] and
- on July 7, 2020, $89,647.40.[18]

---

[6] R. Doc. 71.
[7] R. Doc. 71-3 at ¶ 2; R. Doc., 92-15 at ¶ 2.
[8] R. Doc. 71-3 at ¶ 13; R. Doc. 92-15 at ¶ 13.
[9] R. Doc. 71-3 at ¶ 17; R. Doc. 92-15 at ¶ 17. Starr withdrew its previous motion for summary judgment and now does not dispute that a phantom driver pulled onto the interstate. *See* R. Doc. 71-1 at 2-3.
[10] R. Doc. 92-15 at ¶ 20.
[11] R. Doc. 92-15 at ¶ 28.
[12] R. Doc. 71-3 at ¶ 4, 7; R. Doc. 92-15, at ¶ 4, 7.
[13] R. Doc. 71-3 at ¶ 8-10; R. Doc. 92-15 at ¶ 8-10. Defendant points to Plaintiff's prior statements asserting he was driving approximately 68 to 70 miles per hour. Plaintiffs contend Plaintiff was instead driving approximately 66 to 67 miles per hour. In either event, Plaintiff was exceeding the speed limit.
[14] R. Doc. 71-3 at ¶ 29; R. Doc. 92-15 at ¶ 29.
[15] R. Doc. 71-3 at ¶ 32; R. Doc. 92-15 at ¶ 32.
[16] R. Doc. 71-3 at ¶ 41; R. Doc. 92-15 at ¶ 41.
[17] R. Doc. 71-3 at ¶ 47; R. Doc. 92-15 at ¶ 47.
[18] R. Doc. 71-3 at ¶ 49; R. Doc. 92-15 at ¶ 49.

Defendant based the amounts it paid on the phantom driver being allocated 30 percent of the fault for the accident.[19]

There are factual disputes in this case. For example, the parties dispute Plaintiff's precise speed at the time of the accident[20] and the exact location where the phantom car pulled onto the interstate.[21] The parties also dispute whether Plaintiff violated the Louisiana Commercial Motor Vehicle Driver's Manual (the "Manual"). Defendant's expert testified that Plaintiff failed to follow the Manual because, rather than slowing down on the shoulder and steering back onto the roadway in a controlled manner, Plaintiff abruptly steered his vehicle back onto the roadway.[22] Plaintiff argues he complied with a different guideline in the Manual that recommends steering to avoid a crash because stopping is not always the safest thing to do in an emergency.[23] However, these factual disputes do not preclude summary judgment in this case. In fact, they support Starr Indemnity's argument that there are genuine disputes as to who caused the accident.

## **STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24] "An issue is material if its resolution could affect the outcome of the action."[25] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing

---

[19] R. Doc. 71-3 at ¶¶ 37, 43, 48, and 51; R. Doc. 71-1 at 8.
[20] R. Doc. 71-3 at ¶ 8; R. Doc. 92-15 at ¶ 8.
[21] R. Doc. 71-3 at ¶ 17; R. Doc. 92-15 at ¶ 17.
[22] R. Doc. 86-9 at 7-20.
[23] R. Doc. 74-1 at 7.
[24] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[25] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

3

the evidence."[26] All reasonable inferences are drawn in favor of the non-moving party.[27] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[28]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[29] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[30] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[31]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to

---

[26] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[27] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[28] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[29] *Celotex*, 477 U.S. at 323.
[30] *Id.* at 331.
[31] *Id.* at 322–24.

establish an essential element of the non-movant's claim.[32] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[33] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[34] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[35]

## LAW AND ANALYSIS

At trial, Meador has the burden of proving Starr Indemnity breached its duty to timely pay his claim by showing "(1) the insurer has received satisfactory proof of loss, (2) the insurer fail[ed] to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious, or without probable cause."[36] A satisfactory proof of loss on an uninsured/underinsured claim requires Plaintiff to establish: (1) the

---

[32] *Id.* at 331–32 (Brennan, J., dissenting).
[33] *See id.* at 332.
[34] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[35] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[36] *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 739 (5th Cir. 2010) (quoting *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1112–13 (La. 2008)).

phantom driver was uninsured or underinsured; (2) the phantom driver was at fault; (3) that such fault gave rise to damages; and (4) the extent of the damages.[37]

Penalties may be recovered under certain circumstances under La. R.S. 22:1892 and La. R.S. 22:1973. La. R.S. 22:1892[38] mandates insurers "shall pay the amount of any claim due to any insured within 30 days after receipt of satisfactory proofs of loss from the insured or any party in interest.[39] "Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand . . . when such failure is arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater."[40] La. R.S. 22:1973 provides "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" may subject the insurer to penalties.[41] The conduct prohibited in these two statutes is "virtually identical" and the "primary difference is the time periods allowed for payment."[42] Because all four tenders were made by the Defendant within 30 days of the submission of the proofs of loss, the timeliness of the payments is not at issue in this case. Instead, the question is whether Starr Indemnity's payment of a portion of the demands, rather than 100 percent, was arbitrary, capricious, and without probable cause.

---

[37] *McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085, 1089 (La. 1985) (citing *Hart v. Allstate Ins. Co.*, 437 So.2d 823 (La. 1983)).
[38] Previously La. Rev. Stat. 22:658.
[39] La. Rev. Stat. 22:1892(A)(1).
[40] La. Rev. Stat. 1892(B)(1).
[41] La. Rev. Stat. 22:1973.
[42] *Reed*, 857 So.2d at 1020.

As the movant, Starr Indemnity carries the burden of establishing the absence of genuine issues of material fact and its entitlement to judgment as a matter of law on Plaintiff's claim for penalties. Because Plaintiff bears the burden of persuasion at trial on the issue of whether Starr Indemnity acted in a manner that was arbitrary, capricious, or without probable cause by failing to tender the full amounts of the proofs of loss,[43] Starr Indemnity must either put forward affirmative evidence that negates an essential element of Plaintiff's claim or demonstrate there is nothing in the record to establish an essential element of Plaintiff's claim.[44] Starr Indemnity has chosen the former and argues Plaintiff cannot establish an essential element of its claim for penalties—that the phantom driver was 100 percent at fault in the accident and, as a result, Starr Indemnity acted in a manner that was arbitrary, capricious, or without probable cause in failing to pay 100 percent of the demands. It is undisputed that Plaintiff was driving a fully loaded cement truck in excess of the speed limit at the time of the accident and that, after the phantom vehicle pulled onto the interstate, Plaintiff left the roadway and then counter-steered his vehicle back onto the interstate rather than coming to a stop on the shoulder. The parties dispute Plaintiff's exact speed at the time of the accident, exactly where the phantom driver entered the roadway, and whether Plaintiff violated the Manual. Starr Indemnity argues Plaintiff was partially at fault, and that it has a good faith defense to Plaintiff's claim the phantom driver was solely at fault in the accident.[45]

An insurer's behavior is "arbitrary, capricious, or without probable cause" when it is "vexatious," and a vexatious refusal to pay means the refusal to pay is "unjustified,

---

[43] *Hart v. Allstate Ins. Co.*, 437 So.2d 823, 828 (La. 1983).
[44] *Reed v. State Farm Mut. Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003) ("One who claims entitlement penalties and attorneys' fees has the burden of proving the insurer received satisfactory proof of loss as a predicate to showing that the insurer was arbitrary, capricious, or without probable cause.").
[45] R. Doc. 71-1 at 3-5.

7

without reasonable or probable cause or excuse."[46] An insurer's actions are vexatious when its refusal to pay is not based on a good-faith defense.[47] "An insurer does not act arbitrarily or capriciously when its refusal to pay a claim is based on a genuine dispute over coverage or the amount of loss."[48] "[W]hen there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist."[49] When there are reasonable and legitimate issues as to the extent of an insurer's liability or an insured's loss, failure to pay within the time limit required by the statute is not arbitrary or capricious.[50]

In *Schlosser v. Metro. Prop. and Cas. Ins. Co.*, the defendant moved for partial summary judgment arguing the injured plaintiff had not provided a satisfactory proof of loss.[51] The court granted defendant's motion for summary judgment finding the plaintiff was not entitled to penalties and attorneys' fees.[52] The police report for the accident reflected the plaintiff had been speeding in the parking lot when he was rear-ended by the defendant.[53] Because there was a "genuine issue as to who was at fault in the accident," the Court concluded the Plaintiff was not entitled to penalties "because statutory penalties are not available when the insurer has a reasonable basis to defend against coverage."[54]

---

[46] *Reed*, 857 So. 2d at 1021.
[47] *Id*.
[48] *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 759 F.Supp.2d 822, 853 (E.D. La. 2010) (citing *Reed*, 857 So. 2d at 1021).
[49] *Lemoine v. Mike Munna, LLC*, 148 So. 3d 205, 215 (La. Ct. App. 1 Cir. June 6, 2014) (citing *Reed*, 857 So.2d at 1021).
[50] *Id*. (citing *Louisiana Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008)).
[51] *Id*. at *3.
[52] *Schlosser v. Metro. Prop. and Cas. Ins. Co.*, MDL No. 2047, 2012 WL 4471862 at *4 (E.D. La. Sept. 27, 2012).
[53] *Id*. at *3-4.
[54] *Id*. (quoting *Hart v. Allstate Ins. Co.*, 437 So.2d 823, 828 (La. 1983)).

The Fifth Circuit has held the penal nature of La. R.S. 22:1892 requires a strict construction and that it should not be invoked when the defendant insurer held a reasonable basis to deny coverage.[55] In *Matter of Hannover Corp. of America*, the Fifth Circuit upheld a bankruptcy court's determination the defendant insurer had not acted arbitrarily or capriciously in refusing to settle a claim when the insurer opted to make a reasonable investigation into the accident in question before paying.[56]

In *Guillory v. Lee*, the Louisiana Supreme Court reversed an award of penalties and attorneys' fees to the insurer because the insurer "possessed a good faith defense that there was a reasonable dispute concerning the extent of plaintiff's injuries resulting from the accident."[57] The insurer made one unconditional tender to its insured for his injuries, but refused to make a second unconditional tender because of "[the insurer's] belief that there existed liability and causation issues."[58] When the insurer's representative was asked why the plaintiff was refused an additional unconditional tender, the representative testified "it was difficult to tell if plaintiff sustained any injury as a result of this accident, based upon his recorded statement that he had prior neck and back injuries, as well as the differing opinions of the physicians. . . ."[59] Recognizing that a penalizing statute is to be strictly construed,[60] the Louisiana Supreme Court found the insurer's refusal to pay was not arbitrary and capricious because "reasonable minds could have differed as to the value of plaintiff's claim, based upon the circumstances surrounding the cause of plaintiff's alleged injuries and related medical expenses . . . ."[61]

---

[55] *Matter of Hannover Corp. of America*, 67 F.3d 70, 73 (5th 1995). At the time *Matter of Hannover Corp. of America* was decided, the statute was designated as La. R.S. 22:658.
[56] *Id.* at 73.
[57] *Guillory v. Lee*, 16 So. 3d 1104, 1130 (La. 2009).
[58] *Id.* at 1129.
[59] *Id.*
[60] *Int'l Harvester Credit Corp. v. Scale*, 518 So. 2d 1039, 1041 (La. 1988).
[61] *Guillory*, 16 So. 3d at 1130.

Likewise, in *Reed v. State Farm Mut. Ins. Co.*, the Louisiana Supreme Court found the insurer presented a reasonable defense for its refusal to pay an unconditional tender to the plaintiff, and its actions were therefore not arbitrary or capricious.[62] The court found causation questions existed as to the source of the plaintiff's complaints because the medical records showed the accident aggravated a preexisting condition.[63] In arriving at its decision, the court considered the fact that the insurer made an initial payment to the plaintiff and then made a reasonable investigation of the claim by deposing the plaintiff's treating physician and obtaining an independent medical examination.[64]

In *McDill v. Utica Mut. Ins. Co.*, the insurer made no payments whatsoever on the underinsured motorist coverage provided to the injured driver.[65] In seeking penalties and attorneys' fees, the injured driver claimed the insurer was arbitrary and without cause for failing to tender "either the full amount of the available policy limits, or alternatively, the amount which it would undisputedly owe considering the nature of plaintiff's injuries and damages, the absence of any issue of liability herein and the limited amount of available liability insurance coverage."[66] The Court held satisfactory proof of loss is satisfied once the insurer realizes "it is probably liable for *some* part of the policy's coverage, and that quality of proof which enables it to *reasonably determine* the dollar amount of benefits to be paid."[67] By tendering no payment despite evidence of at least some fault by the underinsured motorist, the insurer had acted in a manner the court found to be arbitrary and capricious.[68] "[H]ad Utica tendered *some* reasonable amount of the general damages,

---

[62] *Reed v. State Farm Mut. Ins. Co.*, 857 So. 2d at 1022.
[63] *Id.*
[64] *Id.*
[65] *McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085 (La. 1985).
[66] *Id.* at 1088.
[67] *Id.* at 1089 (quoting the appellate court in *McDill v. Utica Mutual Ins. Co.*, 465 So.2d 19 (La. App. 1 Cir. Dec. 28, 1984)).
[68] *Id.* at 1090.

10

they would have not been arbitrary and capricious and the penalty provision would not apply."[69] In this case, Starr Indemnity made four tenders totaling $179,162.06.[70] Starr Indemnity has tendered the amount it believes it would indisputably owe and has provided a reasonable basis for the determination of that amount.

Even with all reasonable inferences drawn in his favor, Plaintiff is not entitled to penalties against Starr Indemnity. A reasonable trier of fact could not find Starr Indemnity's actions were arbitrary and capricious or without probable cause as a matter of law. Plaintiff admitted he was speeding in a fully loaded cement truck at the time of the accident.[71] Questions about Plaintiff's judgment and potential driving error are reasonable in light of conflicting testimony about exactly where the phantom driver entered the roadway and whether Plaintiff violated the Manual.[72] Starr Indemnity had reasonable grounds to investigate the accident and dispute fault before tendering 100 percent of Plaintiff's claimed damages; Starr Indemnity has a good faith defense to a demand for payment of 100 percent of Plaintiff's damages. When there is a genuine dispute over fault causing the accident there cannot be satisfactory proof of loss on an underinsured/uninsured motorist claim.[73] Starr Indemnity has a reasonable basis for its actions.[74]

---

[69] *Id.* (emphasis added).
[70] R. Doc. 71-3 at ¶ 29; R. Doc. 92-15 at ¶ 29.
[71] R. Doc. 92-15 at ¶ 9.
[72] R. Doc. 92-15 at ¶¶ 20, 28.
[73] *Schlosser v. Metropolitan*, 2012 WL 4471862 at *2 (E.D. La. Sept. 27, 2012) (citing *Hart v. Allstate*, 437 So.2d 823, at 828 (La. Sept. 2, 1983).
[74] *See In Re Hannover Corp.*, 67 F.3d 70, 73 (5th Cir. 1995).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Starr Indemnity & Liability Insurance Company's Motion for Partial Summary Judgment on Plaintiff's Bad Faith Claim[75] is **GRANTED.**

**New Orleans, Louisiana, this 10th day of December, 2020.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[75] R. Doc. 71.